**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| **CAROLYN WARE, Individually and on behalf of Terrance Ware, Deceased; and** | **PLAINTIFF** |
| **MISSISSIPPI PUBLIC ENTITY WC TRUST** | **INTERVENOR-PLAINTIFF** |
| **V.** | **NO. 1:16-CV-00003-DMB-DAS** |
| **SAILUN CO., LTD.; SAILUN TIRE LATIN AMERICA, LLC; TBC CORPORATION; TBC BRANDS; SOUTH GATEWAY TIRE CO., INC.; GATEWAY TIRE & SERVICE CENTER – STARKVILLE; JOHN DOES 1–10, Jointly & Individually; DYNAMIC TIRE CORP; and THE HERCULES TIRE & RUBBER CO.** | **DEFENDANTS** |

**ORDER**

This products liability action is before the Court for consideration of: (1) Sailun Co., Ltd.'s motion to dismiss, Doc. #33; (2) Carolyn Ware's "Renewed Motion for Jurisdictional Discovery," Doc. #70; (3) Sailun Co. Ltd.'s second motion to dismiss, Doc. #94; and (4) Sailun Co. Ltd.'s third motion to dismiss, Doc. #165.

**I
Procedural History**

On November 23, 2015, Carolyn Ware filed a complaint in the Circuit Court of Lowndes County, Mississippi, against Sailun Co., Ltd. ("Sailun"); Sailun Tire Latin America, LLC ("Sailun LLC"); TBC Corporation; TBC Brands; South Gateway Tire Co., Inc. ("South Gateway"); Gateway Tire & Service Center − Starkville ("Gateway Starkville"); and certain fictitious parties. Doc. #2. In her complaint, Ware alleged that the various defendants

negligently manufactured and/or distributed a tire which caused the death of her husband, Terrance. *Id.*

On January 8, 2016, Sailun, alleging diversity jurisdiction, removed the state court action to this Court. Doc. #1. Gateway Starkville, South Gateway, and TBC Corporation joined the notice of removal on January 12, 2016. Doc. #7; Doc. #8. On January 21, 2016, the Clerk of the Court issued a notice of incomplete process as to TBC Brands. Doc. #13.

On March 10, 2016, Sailun filed a motion to dismiss Ware's complaint for lack of personal jurisdiction and insufficient service of process. Doc. #33. On August 17, 2016, Ware filed a motion to conduct jurisdictional discovery related to Sailun's contacts with the state of Mississippi. Doc. #70.

On August 30, 2016, Ware, after receiving leave of the Court, filed an amended complaint against "Sailun Group Co., Ltd.," TBC Corporation, Dynamic Tire Corp., and Hercules Tire and Rubber Co. Doc. #82. On September 7, 2016, Sailun, responding on behalf of "Sailun Group Co., Ltd.,"[1] filed a motion to quash service of process. Doc. #89. Six days later, on September 13, 2016, Sailun filed a motion to dismiss the amended complaint for lack of personal jurisdiction and insufficient service of process. Doc. #94. Ware responded in opposition to each of these motions. Doc. #99; Doc. #102. Sailun replied. Doc. #104; Doc. #109.

Approximately two months later, on October 31, 2016, Sailun filed a motion to quash service of process of the amended complaint. Doc. #135. Ware responded in opposition to the second motion to quash on November 7, 2016. Doc. #145. Sailun replied on November 9, 2016. Doc. #146.

---

[1] In the memorandum accompanying its second motion to dismiss, Sailun Co. states that "Sailun Group Co., Ltd. is one and the same as Sailun Co., Ltd." Doc. #95 at 3.

On January 27, 2017, United States Magistrate Judge David A. Sanders, acting on Ware's motion, issued an order authorizing Ware to serve Sailun by serving Sailun's counsel of record in this action or its counsel of record in an action currently pending in the Circuit Court in Palm Beach County, Florida. Doc. #155; Doc. #100. Ware served Sailun's Florida counsel with a summons and a copy of the first amended complaint on February 3, 2017. Doc. #161.

On February 6, 2017, Judge Sanders, acting on an unopposed motion filed by Ware, granted Ware leave to file a second amended complaint to: (1) rename "Hercules Tire and Rubber Co." as "The Hercules Tire & Rubber Company;" and (2) rename "Sailun Group Co., Ltd." as "Sailun Co., Ltd." Doc. #162; Doc. #141. The same day, Judge Sanders entered an order finding that the February 3, 2017, service of process on Sailun mooted Sailun's motions to quash. Doc. #163.

Ware filed her second amended complaint on February 8, 2017. Doc. #164. On February 10, 2017, Sailun filed its third motion to dismiss. Doc. #166.

## II
## Sailun's First Motion to Dismiss

As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint "on its face" fails to address the alleged defects identified in the motion to dismiss. *See McIntyre v. City of Rochester*, __ F.Supp.3d__, No. 16-cv-640, 2017 WL 87162, at *1 (W.D.N.Y. Jan. 9, 2017) (finding motion to dismiss moot where "[a]t least on its face, the amended complaint appears to address those alleged defects" identified by motion to dismiss); *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 09-cv-799, 2010 WL 1908252, at

*2 (S.D. Ohio Mar. 29, 2010) ("[W]hen a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss."). However, a defendant may moot an earlier motion to dismiss by filing a second motion advancing "the same arguments raised in the [earlier] motion to dismiss." *Parsons v. City of Hous.*, No. H-10-4302, 2011 WL 5040452, at *2 n.3 (S.D. Tex. Oct. 24, 2011).

Here, Sailun's first motion to dismiss sought dismissal on the grounds that: (1) Ware's service of the original complaint on Oriente Triangle Latin America, Inc. was insufficient; and (2) this Court lacks personal jurisdiction over Sailun. *See* Doc. #32. The second motion to dismiss seeks dismissal on the same grounds raised in the first motion, plus argues that a subsequent service attempt made on Leopard, Inc. was also insufficient. *See* Doc. #95. The first and second amended complaints do not on their face address either of these alleged defects. *See* Doc. #82; Doc. #164. Accordingly, the filing of the amended complaint did not moot either motion to dismiss. However, because Sailun's second motion to dismiss raises the same arguments as its first motion to dismiss, Sailun's first motion to dismiss was mooted by its second motion to dismiss and will be denied as moot. *See Parsons*, 2011 WL 5040452, at *2 n.3. Sailun's third motion to dismiss raises the same personal jurisdiction argument but does not address the issue of service. *See* Doc. #166. Accordingly, to the extent the second motion to dismiss seeks dismissal for lack of personal jurisdiction, it has been mooted. However, out of an abundance of caution, the Court will address the merits of the second motion to dismiss as they relate to service of process.

### III
### Service of Process

"In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

Thus, "Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011) (quoting *Wallace v. St. Charles Parish Sch. Bd.*, No.04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005)). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc.*, 635 F.2d at 435. "A return of service is *prima facie* evidence of the manner of service. Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service." *Flores v. Koster*, No. 3:11-cv-726, 2013 WL 4874115, at *2 (N.D. Tex. June 28, 2013) (internal citations omitted).

"Jurisdiction over the person generally is dealt with by Rule 4, governing the methods of service through which personal jurisdiction may be obtained." *Point Landing, Inc. v. Omni Capital Int'l, Ltd.*, 795 F.2d 415, 424 (5th Cir. 1986). "Specifically, Rule 4(h) governs the service of domestic and foreign corporations," such as Sailun. *Retractable Techs., Inc. v. Occupational & Med. Innovations, Ltd.*, 253 F.R.D. 404, 405 (E.D. Tex. 2008). Under Rule 4(h)(2), a plaintiff must serve a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Of relevance here, Rule 4(f)(3) allows for service "by other means not prohibited by international agreement, as the court orders."

Here, Judge Sanders granted Ware leave to serve Sailun by service on Sailun's counsel of record in a separate matter. Doc. #155. There is no contention that this method of service is prohibited by international agreement or that Ware failed to serve the attorney as directed by

5

Judge Sanders. Accordingly, the motion to dismiss for insufficient service of process, Doc. #94, must be denied.

## IV
## Sailun's 12(b)(2) Motion and Ware's Request for Discovery

A party may challenge the Court's exercise of personal jurisdiction by filing a motion pursuant to Rule 12(b)(2). On a Rule 12(b)(2) motion, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted). Where, as here, a defendant disputes the factual bases of jurisdiction, "the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks omitted). Additionally, where a defendant raises factual issues in a motion to dismiss for lack of personal jurisdiction, a plaintiff may oppose the motion by seeking personal jurisdiction-related discovery. *See generally Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) ("Discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact.") (internal alterations omitted). When jurisdiction related discovery is allowed, the proper course is to deny without prejudice the pending motion to dismiss for lack of jurisdiction. *See Katz v. Princess Hotels Int'l Inc.*, 839 F.Supp. 406, 411 (E.D. La. 1993) (granting personal jurisdiction discovery and denying motion to dismiss without prejudice); *Dykes v. Maverick Motion Picture Grp. L.L.C.*, No. 08-536, 2009 WL 3053738, at *2 (M.D. La. Sep. 18, 2009) (same). Accordingly, the Court will address the motion for discovery first.

### A. Motion for Discovery

The plaintiff, "[a]s the party opposing dismissal and requesting discovery, ... bear[s] the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). To meet this burden, a plaintiff must at least make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Even when this minimum standard has been met, the Fifth Circuit has held that a district court has discretion to deny a motion for jurisdiction-related discovery when the plaintiff fails to identify evidence that she is "likely to discover that would call [the] lack of personal jurisdiction into question ...." *Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (citing *Monkton*, 768 F.3d at 434).

In her motion for discovery, Ware seeks to propound two sets of interrogatories related to a stream of commerce theory of personal jurisdiction—one set to Sailun, and one set to TBC Corporation, Dynamic Tire Corp, and Hercules Tire and Rubber Co. Doc. #71 at 2–3; Doc. #70-1; Doc. #70-2. Sailun opposes jurisdictional discovery on the grounds that Ware has failed to offer sufficiently specific allegations and because it has not been properly served with process. Doc. #75 at 9, 13. Sailun further contends that, should discovery be ordered, the interrogatories to be propounded to it must be modified. *Id*. at 14–16.

#### 1. Lack of service

Sailun first argues that "[w]ithout sufficient service of process, this Court is without jurisdiction over Sailun Co., Ltd. As such, entering an order granting any request for limited jurisdictional discovery by Plaintiff before proper service is affected would be prejudicial to Sailun Co., Ltd." *Id*. at 9. Sailun, however, cites no authority for the proposition that a Court's ability to direct discovery requires sufficient service of process of a complaint. Regardless, as

explained above, Sailun has since been properly served. Accordingly, this argument must be rejected.

### 2. Specificity of allegations

Although in *Fielding* the Fifth Circuit did not clarify how a plaintiff may make a "preliminary showing" of jurisdiction so as to justify jurisdictional discovery, it cited with approval the Third Circuit's holding that "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained." 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). Relying on *Fielding*'s citation, district courts in this district have adopted the Third Circuit's "possible existence" test for determining whether a preliminary showing has been made. *See Official Brands, Inc. v. Roc Nation Sports, LLC*, No. 3:15-cv-2199, 2015 WL 8165262, at *4 (N.D. Tex. Dec. 8, 2015) ("[T]he Court looks for guidance to the case that the Fifth Circuit cited as authority for the 'preliminary showing' requirement."); *Premier Polymers, LLC v. Wendt*, No. H-15-1812, 2015 WL 6394441, at *1 (S.D. Tex. Oct. 21, 2015) ("A preliminary showing does not require proof that personal jurisdiction exists, but it does require 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'"); *L&L Props. 12, LLC v. Reyes*, No. 14-671, 2015 WL 1468309, at *4 (E.D. La. Mar. 30, 2015) (quoting *Toys "R" Us*).

In her motion, Ware seeks discovery related to the stream of commerce doctrine of personal jurisdiction. Doc. #71 at 2–3.

> In cases involving a product sold or manufactured by a foreign defendant, this Circuit has consistently followed a "stream-of-commerce" approach to personal jurisdiction, under which the minimum contacts requirement is met so long as the court finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state. Under that test, mere foreseeability or awareness is a constitutionally

sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce, but the defendant's contacts must be more than random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.

*Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (internal footnotes, quotation marks, and alterations omitted).

In *Ainsworth*, the Fifth Circuit found that Moffett, a foreign corporation, had sufficient contacts with the State of Mississippi to support personal jurisdiction where the corporation manufactured forklifts which were distributed exclusively in the United States by an independent party, Cargotec. *Id.* at 179. In reaching this conclusion, the Fifth Circuit held:

> This is not a case of a single, or even a few, isolated sales in Mississippi. The facts in the record establish that Moffett could have "reasonably anticipated" being haled into court in Mississippi. Cargotec sells or markets Moffett products in all fifty states, and Moffett makes no attempt to limit the territory in which Cargotec sells its products. From 2000 through September 2010, Moffett sold 13,073 forklifts to Cargotec, worth approximately 254,000,000. Cargotec sold 203 of those forklifts, worth approximately 3,950,000, to customers in Mississippi. Those Mississippi sales accounted for approximately 1.55% of Moffett's United States sales during that period. Moreover, the record indicates that Moffett designed and manufactures a forklift for poultry-related uses. Thus, even though Moffett did not have specific knowledge of sales by Cargotec in Mississippi, it reasonably could have expected that such sales would be made, given the fact that Mississippi is the fourth largest poultry-producing state in the United States.

*Id.*

Of relevance here, Ware's second amended complaint alleges that Sailun, like Moffett, distributed its products in the United States through an independent distributor—in this case, TBC Corporation, Dynamic Tire Corporation, and Hercules Tire and Rubber Company. Doc. #164 at ¶¶ 2–4. Ware further alleges that these importers "imported and sold the subject tire to retail stores in Mississippi or otherwise caused the subject tire to be placed in the stream of commerce." *Id.* Finally, Ware alleges that Sailun directed its importers to place the relevant tire "into the stream of commerce with the expectation that it would be distributed, sold, or used in

9

the State of Mississippi" and that Sailun "generate[s] significant profit from its international and purposeful business in Mississippi ...." *Id*. at ¶ 5. As support for these allegations, Ware points to Sailun's website, which states that its "brand is marketed and distributed by TBC Wholesale in the U.S.A. and Mexico," Doc. #164-1; and to documents which reflect that Sailun "initiated contact with retailers regarding [a] recall which would include Mississippi Sailun dealers ...," Doc. #164 at ¶ 20; Doc. #164-6.

> Sailun contends that the motion for discovery must be denied because:
>
> Plaintiff fails to allege that the volume of sales of the subject tire in Mississippi could reasonably support a relationship between Sailun Co., Ltd. and the state. Further, Plaintiff has not and cannot allege that the manufacture and design concerns related to this subject tire could lead Sailun Co., Ltd. to reasonably expect sales of such tire were going to be made in Mississippi. The subject tire is a mixed-service tire used on a wide variety of trucks, which does not make it specifically suited to sales in Mississippi alone. This is in direct contrast to the fork-lift in *Ainsworth* that was manufactured for poultry-related uses and sold in Mississippi, the fourth largest poultry-producing state in this country.

Doc. #75 at 13 (internal citation omitted).

Though Sailun is likely correct that Ware's allegations fall short of the standard for establishing a prima facie case of personal jurisdiction, a party need not satisfy a personal jurisdiction pleading standard to be entitled to jurisdictional discovery. *See Roman v. W. Mfg., Inc.*, No. 6:07-cv-1516, 2013 WL 5533695, at *11 (W.D. La. Oct. 4, 2013) ("[A] 'preliminary showing of jurisdiction' ... is something less than a prima facie showing ....") (citing *Fielding*, 415 F.3d at 429). Rather, a plaintiff need only "present[] factual allegations that suggest with reasonable particularity *the possible existence* of the requisite contacts." *Toys "R" Us*, 318 F.3d at 456 (emphasis added).

Upon consideration, the Court concludes that Ware's allegations suggest with reasonable particularity the possible existence of minimum contacts to bring Sailun within the personal

10

jurisdiction of this Court. Specifically, Ware's allegations that Sailun employed distributors (who are specifically identified in the complaint) to sell its tires in the United States, including in Mississippi, suggest the possibility that Sailun placed the allegedly defective tire in the stream of commerce with awareness that it would be sold in Mississippi. *See Robert Bosch LLC v. Alberee Prods. Inc.*, 70 F.Supp.3d 665, 681 (D. Del. 2014) ("Bosch has made a prima facie showing for jurisdictional discovery by detailing the supply chain from API to Delaware. These allegations at least suggest, with reasonable particularity, the possible existence of requisite contacts between API and Delaware."). Having found that Ware has made a preliminary showing of jurisdiction, the Court, in the exercise of its discretion, concludes that limited jurisdictional discovery is warranted.

### 3. Scope of discovery

In her motion, Ware asks this Court to approve two sets of discovery requests – one directed to Sailun, and one directed to TBC Corporation, Dynamic Tire, and Hercules Tire. *See* Doc. #70-1; Doc. #70-2. Sailun objects only to the set of requests directed to it. *See* Doc. #75.

#### a. Request #4

Request 4 states: "Please describe this Defendant's relationship with TBC Corporation, Dynamic Tire and Hercules Tire and Rubber Co." Doc. #70-1 at ¶ 4. Sailun asks that this request be "limited to [its] relationships with TBC Corporation, Dynamic Tire, and Hercules Tire and Rubber Co. in relation to the State of Mississippi." Doc. #75. The Court sees no reason to impose such a limitation and Sailun has provided none.

#### b. Requests #5, 8, 13–15, 18–19, 21–28, 31–40

Sailun next objects to numerous interrogatories on the grounds the "requests are patently overbroad in that they request information pertaining to Sailun Co., Ltd.'s relationship and

11

contacts with the entire United States, not just Mississippi." Doc. #75 at 15. Sailun claims that because the personal jurisdiction inquiry focuses on a defendant's connection with a forum state, the requests must be limited as such. *Id*. The Court disagrees.

A significant part of the *Ainsworth* analysis involved comparing the defendant's Mississippi activities to the defendant's activities in the United States as a whole. 716 F.3d at 179 ("Those Mississippi sales accounted for approximately 1.55% of Moffett's United States sales during that period."). This analysis ostensibly rested on the reasonable assumption that the larger share of a company's business which comes from a forum state, the more foreseeable it is that a product will end up in that state. Given this, the Court declines to limit Ware's interrogatories as requested.

### c. Request #20

Request #20 asks Sailun to "produce a copy of any written agreements that would relate to the importers and/or distributors" used by Sailun to distribute its products in the United States. Doc. #70-1 at ¶ 20. Sailun again argues that this request is overbroad and must be limited to the state of Mississippi. Doc. #75 at 15. Because this Court concludes that Sailun's distribution efforts as a whole are relevant to the personal jurisdiction inquiry, the Court declines to impose the requested modification.

### d. Request #43

Request #43 asks Sailun to "identify the name and address of [its] registered agent of service provided to the federal government pursuant to 49 U.S.C. § 30164 related to the ... model tire made the basis of this action." Doc. #70-1 at ¶ 43. Sailun argues that this request should be stricken because "a registered agent listed for purposes of the cited statute does not serve as an agent for service of process in common law actions." Doc. #75 at 15.

The Court agrees that this request is irrelevant. Even if the agent could accept service of process on behalf of Sailun, this information is no longer necessary in this action because Sailun has already been served with process. Therefore, Request #43 will be stricken.

### B. 12(b)(2) Motion

Because this Court has concluded that jurisdiction-related discovery in this action is appropriate, Sailun's third motion to dismiss for lack of personal jurisdiction will be denied without prejudice. *Katz*, 839 F.Supp. at 411 (E.D. La. 1993); *Dykes*, 2009 WL 3053738, at *2.

## V
## Conclusion

For the reasons above:

1. Sailun's first motion to dismiss [33] is **DENIED as moot**.

2. Ware's motion for jurisdictional discovery [70] is **GRANTED in Part and DENIED in Part**. Within fourteen (14) days of the entry of this order, Ware may serve the discovery requests attached to her motion[2] except for Request #43 to Sailun, which is stricken. Sailun, TBC, Dynamic Tire, and Hercules Tire, must respond to the requests within twenty-one (21) days of the date of service.

3. Sailun's second motion to dismiss [94] is **DENIED**.

4. Sailun's third motion to dismiss [165] is **DENIED without prejudice**.

**SO ORDERED**, this 28th day of February, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. #70-1; Doc. #70-2.