**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| CAROLYN WARE, Individually and on behalf of Terrance Ware, Deceased; and | PLAINTIFF |
| MISSISSIPPI PUBLIC ENTITY WC TRUST | INTERVENOR-PLAINTIFF |
| V. | NO. 1:16-CV-00003-DMB-DAS |
| SAILUN CO., LTD; et al. | DEFENDANTS |

**ORDER**

This products liability action is before the Court for consideration of multiple motions filed by various defendants.

**I**
**Procedural History**

On February 8, 2017, Carolyn Ware, with leave of the Court, filed a second amended complaint against Dynamic Tire Corp., Hercules Tire and Rubber Co., Sailun Co., Ltd., and TBC Corporation. Doc. #164. Five days later, Hercules filed a motion to dismiss.[1] Doc. #168.

On February 28, 2017, this Court issued an amended order approving jurisdictional discovery to address a challenge to this Court's personal jurisdiction over Sailun. Doc. #180. The amended order, among other things, required Sailun, Dynamic, TBC, and Hercules to respond to the plaintiff's jurisdictional discovery requests within twenty-one days of their service. *Id.* Over the ensuing weeks, each defendant sought and received two extensions to respond to the jurisdictional discovery requests.

On April 14, 2017, Sailun and Hercules each filed a motion to extend the deadline to respond to jurisdictional discovery. Doc. #193; Doc. #194. Ten days later, on April 24, 2017,

---
[1] Hercules had earlier moved to dismiss the first amended complaint, which motion is still pending. Doc. #121.

Sailun filed a joint motion, signed by counsel for Hercules and Ware, seeking termination of the jurisdictional discovery propounded on Hercules and Sailun on the ground that Sailun has stipulated to the personal jurisdiction of this Court. Doc. #195. The motion also seeks dismissal without prejudice of Hercules. *Id*.

The same day: (1) TBC filed two seemingly identical unopposed motions to terminate jurisdictional discovery and to extend the deadline to respond to jurisdictional discovery propounded on it, pending a ruling on the request to terminate, Doc. #197; Doc. #198; and (2) Dynamic filed an unopposed motion to terminate jurisdictional discovery propounded on it and to extend the deadline to respond to jurisdictional discovery, pending a ruling on the request to terminate, Doc. #199. By e-mail, counsel for TBC, Dynamic, and the intervenor, Mississippi Public Entity WC Trust, informed the Court that their respective parties do not oppose the dismissal of Hercules.

## II
## Analysis

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Here, all parties have agreed that Hercules should be dismissed without prejudice. The Court deems this dismissal proper under the circumstances described above. Accordingly, the joint motion for dismissal will be granted, Hercules will be dismissed without prejudice, and Hercules' pending motions to dismiss will be denied as moot.

Additionally, in view of Sailun's stipulation regarding personal jurisdiction, as well as the representations of the various parties, the Court concludes that the jurisdictional discovery previously ordered by this Court to address the issue of personal jurisdiction over Sailun is no longer necessary. Therefore, the motions to terminate jurisdictional discovery will be granted.

## III
## Conclusion

For the reasons above:

1. To the extent the joint motion [195] requests Hercules' dismissal, it is **GRANTED**. Hercules Tire and Rubber Co. is **DISMISSED without prejudice**; accordingly, its pending motions to dismiss [121][168] are **DENIED as moot**.

2. The joint motion's request to terminate jurisdictional discovery as to Sailun and Hercules [195]; the motion by TBC requesting termination of jurisdictional discovery as to it [198]; and Dynamic's motion requesting termination of jurisdictional discovery as to it [199]; are **GRANTED**; and

3. The motions for extension [193][194] and TBC's duplicate motion to terminate [197] are **DENIED as moot**.

**SO ORDERED**, this 26th day of April, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**