IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CAROLYN WARE, INDIVIDUALLY
AND ON BEHALF OF TERRANCE WARE, DECEASED          PLAINTIFF

AND

OKTIBBEHA COUNTY BOARD OF SUPERVISORS
A MEMBER OF THE MS PUBLIC ENTITY W.C. TRUST          INTERVENOR

v.          CIVIL ACTION NO. 1:16-CV-3-DMB-DAS

SAILUN CO., LTD; TBC CORPORATION;
DYNAMIC TIRE CORP.          DEFENDANTS

## AGREED ORDER APPROVING ADDITION TO PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

**THIS COURT**, having been informed that the Parties are in agreement, and having considered the same, hereby enters this *Agreed Order Approving Addition to Protective Order Regarding the Confidentiality of Documents and Materials*, setting forth additional procedures related to maintaining the confidentiality of certain documents. This Court recognizes the following terms agreed to by the Parties:

1. Defendant Sailun Co., Ltd. (hereinafter "Sailun") was deposed in this action through three of its corporate representatives on May 14-16, 2018 and July 10, 2018. The majority of the exhibits marked in those depositions consisted of documents and other materials produced by Sailun in this action as confidential pursuant to the terms of the *Protective Order Regarding the Confidentiality of Documents and Materials* (hereinafter "*Protective Order*"). Further, the transcripts for each Sailun corporate representative deposition were marked as confidential pursuant to the *Protective Order* at the top of each transcript page. The confidential designations

1

of the documents included as exhibits and the transcripts were never challenged in this Court by any of the Parties.

2. On July 26, 2018, the Parties filed their *Joint Stipulation of Dismissal with Prejudice*, requesting that this action be dismissed with prejudice by this Court. *See* Doc. 307. This Court entered its *Order* recognizing and granting the *Joint Stipulation of Dismissal with Prejudice* on July 27, 2018 and directed the Clerk of this Court to close this action on this Court's docket. *See* Doc. 308.

3. The *Protective Order* provides as follows:

> "After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following the termination of this litigation."

Doc. 214 at p. 6, ¶15.

4. Sailun is currently a party to litigation in other jurisdictions regarding its products. These additional claims have been brought by different plaintiffs, in varying states, and in both federal and state court forums.

5. During the pendency of these other claims, plaintiffs have requested access to the transcripts of and exhibits to the depositions given by Sailun's corporate representatives in this action on May 14-16, 2018 and July 10, 2018. Sailun anticipates that similar requests for these deposition transcripts and exhibits could possibly be sent during the pendency of the other litigation it is involved in at this time and in the future.

6. The *Protective Order* currently contains the following provisions regarding documents and materials produced as confidential and the limitation on use of those materials to only this action:

"Protected documents and any information contained therein shall be used solely for use and in connection with the above-captioned action." Doc. 214 at p. 3, ¶3.

"Any Protected Documents attached as an exhibit to any deposition taken in this action and any deposition testimony containing information from or referring to Protected Documents shall governed by this Protective Order. The use of Protected Documents during depositions in this action does not waive the terms of this Protective Order." *Id* at p. 4, ¶7.

7. Pursuant to the above-referenced terms of the *Protective Order*, the transcripts and the majority of the exhibits from the Sailun corporate depositions in this action are shielded from access by individuals outside of this action, as these materials were marked as confidential during the pendency of this action.

8. The Parties agree that limited and careful production of the above-reference Sailun deposition transcripts and exhibits could help eliminate or reduce additional further peripheral litigation surrounding subpoenas and other formal requests for these Sailun deposition transcripts and exhibits in other litigation to which Sailun is a party. As such, the Parties agree to the following procedures for the production of these Sailun deposition transcripts and exhibits in other litigation to which Sailun is a party:

   **(a)** Sailun must first consent to the production of the deposition transcripts and exhibits from this action before such production occurs.

   **(b)** Sailun alone will be responsible for producing its deposition transcripts and exhibits from this action in other litigation to which it is a party. Any other Party receiving requests for these deposition transcripts and exhibits shall refer the request to counsel for Sailun in this action and shall refer the requester to the provisions of this *Agreed Order Approving Addition to Protective Order Regarding the Confidentiality of Documents and Materials* (hereinafter "*Agreed Order*").

**(c)** Individuals bringing claims against Sailun in other litigation can request and receive copies of these Sailun deposition transcripts and exhibits, only if they have read the *Protective Order* and this *Agreed Order*, acknowledged both documents, and signed the certificate attached hereto as "Exhibit A". Upon signature of the certificate attached as "Exhibit A," the individual signing the same must return it to counsel for Sailun in this action and the action to which they are a party.

**(d)** Individuals providing a signed "Exhibit A" will be bound by the terms of the *Protective Order* and this *Agreed Order*. Further, use of these deposition transcripts and exhibits by these individuals will be limited only to the current litigation they have brought against Sailun. They will not be allowed to share or use these materials outside of the bounds of their pending litigation against Sailun and will not be permitted to share these materials with other individuals and parties not subject to the *Protective Order* or this *Agreed Order*.

**(e)** Production of these deposition transcripts and exhibits shall be limited to only other litigation to which Sailun is a party.

9. It is the Parties intention that the additional provisions contained in this *Agreed Order* apply only to the transcripts and exhibits from the Sailun corporate depositions taken in this action on May 14-16, 2018 and July 10, 2018. All other documents produced by the Parties, including Sailun, and all other deposition materials that have been marked as confidential pursuant to the *Protective Order* shall remain subject to the terms of the *Protective Order*.

**IT IS HEREBY ORDERED,** that in addition to the provisions provided by this Court in its *Protective Order*, entered on August 10, 2017 as Document 214, production of the transcripts

and exhibits from the Sailun corporate depositions taken in this action on May 14-16, 2018 and July 10, 2018 is governed by the following, additional provisions:

1. An individual bringing a claim or litigation against Sailun outside of the scope of this action can receive a copy of the transcripts and exhibits of the Sailun corporate depositions taken in this action on May 14-16, 2018 and July 10, 2018 upon satisfaction of the following terms:

    **(a)** Sailun must first consent to the production of the deposition transcripts and exhibits from this action before such production occurs.

    **(b)** Sailun alone shall be responsible for producing its deposition transcripts and exhibits from this action in other litigation to which it is a party. Any other Party receiving requests for these deposition transcripts and exhibits shall refer the request to counsel for Sailun in this action and shall refer the requester to the provisions of this *Agreed Order*.

    **(c)** Individuals bringing claims against Sailun in other litigation can request and receive copies of these Sailun deposition transcripts and exhibits, only if they have read the *Protective Order* and this *Agreed Order*, acknowledged both documents, and signed the certificate attached hereto as "Exhibit A". Upon signature of the certificate attached as "Exhibit A," the individual signing the same shall return it to counsel for Sailun in this action and the action to which they are a party before they are able to receive copies of the deposition transcripts and exhibits.

2. Individuals providing a signed "Exhibit A" will be bound by the terms of the *Protective Order* and this *Agreed Order*. Further, use of these deposition transcripts and exhibits by these individuals will be limited only to the current litigation they have brought against Sailun. They will not be allowed to share or use these materials outside of the bounds of their pending

litigation against Sailun and will not be permitted to share these materials with other individuals and parties not subject to the *Protective Order* or this *Agreed Order*.

3. Production of these deposition transcripts and exhibits shall be limited to only other litigation to which Sailun is a party.

4. By producing the Sailun corporate deposition transcripts and exhibits that are the subject of this *Agreed Order*, Sailun shall not be considered to have waived the confidential protections afforded to its documents, materials, and deposition transcripts and exhibits by the *Protective Order*. Further, production of these deposition transcripts and exhibits in other litigation to which Sailun is a party shall not be considered a waiver of the protection afforded to these deposition transcripts and exhibits by the *Protective Order* and this *Agreed Order*.

5. The additional provisions contained in this *Agreed Order* apply only to the transcripts and exhibits from the Sailun corporate depositions taken in this action on May 14-16, 2018 and July 10, 2018. All other documents produced by the Parties, including Sailun, and all other deposition materials that have been marked as confidential pursuant to the *Protective Order* shall remain subject to the terms of the *Protective Order*.

**SO ORDERED,** this the 11th day of October, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

**AGREED:**

/s/ *Benjamin E. Baker, Jr.*  
Benjamin E. Baker, Jr. (PHV)

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street (36104)
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555
ben.baker@beasleyallen.com

/s/ *T.K. Moffett*  
T.K. Moffett (MSB #3402)
Roy O. Parker, Jr. (MSB#4015)

MOFFETT LAW FIRM, PLLC
330 North Broadway Street
Post Office Box 1707
Tupelo, Mississippi 38802
Phone: (662) 844-0836
Fax:    (662) 844-9920
tkmoffett@moffettlaw.com
royparker@moffettlaw.com

***Attorneys for Carolyn Ware, Individually and on Behalf of Terrance Ware, Deceased***


/s/ *Courtney Titus Davis*  
Courtney Titus Davis (MSB #103089)
MARKOW WALKER, P.A.
Post Office Box 13669
Jackson, MS 39236-3669
Phone: (601) 853-1911
cdavis@markowwalker.com
***Attorney for Oktibbeha County Board of Supervisors,***
***A Member of the MS Public Entity W.C. Trust***


/s/ *Benjamin E. Griffith*  
Benjamin E. Griffith (MSB #5026)
Lauren E. Ward (MSB #105019)
GRIFFITH LAW FIRM
Post Office Box 2248
Oxford, MS 38655
Phone: (662) 238-7727
Fax:    (866) 493-4220
ben@glawms.com
lauren@glawms.com
***Attorneys for Sailun Co., Ltd.***

/s/ *David A. Barfield*
David A. Barfield (MSB #1994)
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Phone: (601) 987-5300
Fax:    (601) 987-5353
dbarfield@pbhfirm.com
*Attorney for TBC Corporation*


/s/ *J. Lawson Hester*
J. Lawson Hester (MSB #2394)
Jason E. Dare (MSB #1000973)
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Phone: (601) 987-5300
Fax:    (601) 987-5353
lhester@pbhfirm.com
jdare@pbhfirm.com
*Attorneys for Dynamic Tire Corp.*